■ MARYA T. COBURN, Appellant, v RICHARD J. COBURN, Defendant. ROBSON FERBER FROST CHAN & ESSNER, LLP, Nonparty Respondent. [755 NYS2d 615] —Order, Supreme Court, New York County (Joan Lobis, J.), entered October 9, 2002, which denied plaintiff's motion for summary judgment dismissing the charging lien of her former law firm, Robson Ferber Frost Chan & Essner, LLP (Robson), granted partial summary judgment to Robson declaring that Robson was entitled to a charging lien in the amount of at least $198,158, and directed that a hearing be held before a special referee as to the balance of the fees claimed by Robson, amounting to $102,430, unanimously affirmed, without costs.

Plaintiff contends that Robson, her former counsel in this matrimonial action, is barred from collecting any additional fees from her by reason of its failure to comply with various rules found in 22 NYCRR parts 136, 1200 and 1400, governing aspects of the attorney-client relationship, including retainer agreements and fee disputes. The rules upon which plaintiff relies, however, are expressly inapplicable unless the representation at issue has commenced on or after November 30, 1993 (*see* 22 NYCRR 136.1, 1400.1), and it is undisputed that plaintiff initially retained Robson in May 1992. Inasmuch as plaintiff's challenge to Robson's fees is premised on inapplicable rules, it is unavailing and plaintiff's motion for summary judgment was properly denied.

We note that although plaintiff maintains that the purpose of the special referee hearing directed by the motion court is to assess the reasonableness of Robson's fee, the record discloses that the only reason for the hearing is to reconcile certain alleged billing discrepancies.

Plaintiff's remaining arguments are unavailing. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Williams, JJ.